920 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darryl McCLAIN, Jerri Ratcliff, Defendants-Appellants.
 Nos. 90-1177, 90-1179.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1990.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellants Darryl McClain and Jerri Ratcliff appealed from a jury verdict finding them guilty of one count of conspiracy to possess cocaine, 21 U.S.C. Sec. 846, one count of distribution of cocaine, 21 U.S.C. Sec. 841(a)(1), one count of possession of cocaine with intent to distribute, 21 U.S.C. Sec. 841(a)(1), and one count of aiding and abetting the possession of cocaine, 18 U.S.C. Sec. 2. Appellant Ratcliff was also convicted on one count of attempted unlawful use of a communication facility to facilitate the commission of the charged conspiracy. 21 U.S.C. Sec. 843(b). The appellants charged that the district judge erred in refusing a jury instruction on entrapment.
 
 
 2
 In addition, Ratcliff appealed from the sentence imposed by the district judge. She contends she should have received a two-point reduction pursuant to section 3B1.2 of the United States Sentencing Guidelines because she was a minor participant in the offense.
 
 
 3
 The record reveals that McClain initiated the events leading to the drug transaction by approaching the informant outside a party store and later calling the informant on the phone. McClain also arranged a meeting between the informant, himself, and Ratcliff. Ratcliff initiated the first attempt to deliver cocaine to the informant. She also met with the informant twice to consummate the transaction. Finally, she was the one who linked the eventual source of the cocaine to the conspiracy. McClain initiated two aborted attempts to deliver cocaine to the informant and called the informant repeatedly to arrange a successful transaction. When the transaction was successfully completed, McClain was the one who hand-delivered the cocaine.
 
 
 4
 The record discloses no facts from which a jury could find that the government engaged in overbearing conduct and induced the appellants to commit a crime they were not otherwise disposed to commit. United States v. McLernon, 746 F.2d 1098, 1111 (6th Cir.1984). In addition, the district court's determination that Ratcliff was not substantially less culpable than McClain and not entitled to a reduction in sentence is not clearly erroneous. United States v. Anders, 899 F.2d 570, 580 (6th Cir.1990).
 
 
 5
 Accordingly, the judgment and sentence against the appellants is AFFIRMED.